**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DR. BONNIE GERALD**                                                              **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 2:12cv147-KS-MTP**

**UNIVERSITY OF SOUTHERN MISSISSIPPI (USM);**
**DR. MARTHA SAUNDERS, INDIVIDUALLY AND OFFICIALLY;**
**DR. ROBERT LYMAN, INDIVIDUALLY AND OFFICIALLY;**
**DR. KATHY YADRICK, INDIVIDUALLY AND OFFICIALLY;**
**DR. MIKE FORSTER, INDIVIDUALLY AND OFFICIALLY**                  **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the Defendants' Motion to Strike the Plaintiff's Designation of Dr. Rocco A. Barbieri as an Expert on the Plaintiff's Alleged Disabilities ("Motion to Strike") [25]. Having considered the parties' submissions, the record and the applicable law, the Court finds that the motion should be granted in part and denied in part.

On July 3, 2012, Plaintiff Dr. Bonnie Gerald filed suit against the University of Southern Mississippi (the "University") and several University officials in the Circuit Court of Forrest County, Mississippi. (*See* Compl. [1-1 at ECF p. 10].) Plaintiff alleges numerous federal and state law claims, including disability discrimination under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973, relating to her former employment at the University. On August 31, 2012, the Defendants timely removed the proceeding to this Court on the basis of federal question subject matter jurisdiction under Title 28 U.S.C. § 1331. (*See* Notice of Removal [1].)

On December 5, 2012, a Case Management Order [6] was entered, which set, *inter alia*, May 15, 2013, as Plaintiff's expert witness designation deadline and August 15, 2013, as the discovery deadline. The Case Management Order provides that

"Plaintiff is not including treating physicians in the number of experts [she expects to call to testify at trial]; plaintiff will call treating physicians as non-retained experts."  (Case Mgmt. Order [6] at ¶ 1.)

It does not appear that the Plaintiff has served a formal expert witness designation in this action.  However, Plaintiff's February 26, 2013 interrogatory responses identify Dr. Rocco A. Barbieri and three other medical providers in response to Defendants' request for expert witness information.  Plaintiff's response to Interrogatory No. 2 lists these individuals' addresses and telephone numbers, provides that they all have admitting privileges to Forrest General Hospital, and states:  "At this time, the only known experts are essentially fact witnesses and are the treating physicians of the Plaintiff."  (Doc. No. [25-2 at ECF p. 2].)  No substantive information, such as a summary of the facts and opinions to which each physician is expected to testify, is listed in Plaintiff's response.  Further, the Plaintiff did not produce any medical records from these providers with her February 26 responses to the Defendants' document requests.  Nonetheless, an Order Waiving Medical Privilege [12] had been entered on January 8, 2013, which authorized the Defendants to obtain copies of Plaintiff's medical records from any medical provider providing treatment relevant to the claims asserted in the Complaint.

On June 12, 2013, Plaintiff produced to the Defendants copies of certain medical records from Dr. Barbieri and his clinic, Southern Bone & Joint Specialists, P.A. ("SBJS").  These records largely consist of billing statements and do not evidence opinions held by Dr. Barbieri regarding the Plaintiff's treatment or medical condition.  Prior to the filing of this lawsuit, the University received a certificate to return to work

from SBJS and a letter from Dr. Barbieri, both pertaining to the Plaintiff. The certificate is dated August 16, 2010, and advises that the Plaintiff is able to return to work without restrictions on August 17, 2010. The letter is dated February 1, 2011, and describes certain treatment provided to the Plaintiff for severe injuries suffered during a motorcycle accident. Copies of the certificate and letter were produced with the Defendants' initial disclosures.[1]

On August 15, 2013, the last day for discovery, Plaintiff served her Supplementation of Discovery ("Supplementation") [25-1]. This document adds the following information to Plaintiff's response to Defendants' Interrogatory No. 2:

> Moreover, in supplementation, the Defendants are reminded that they possess a medical waiver to obtain the medical records of Dr. Barbieri. Indeed, as Plaintiff's counsel has stated to defense counsel, the waiver was provided for that very purpose.
> Additionally, numerous medical records and bills regarding the medical treatment of Plaintiff have been provided Defendants. Those documents supplement this response.
> Lastly, Dr. Barbieri, although not retained or specially employed to provide expert testimony, is, of course, an expert medical physician as stated previously in the original response provided herein. He was and is, as Defendants have been previously informed in discovery responses and depositional responses and otherwise, the primary treating physician of Plaintiff. He will, in that vein, provide expert testimony regarding the fact of and extent of disability of Plaintiff while employed at USM, the impact of that

---

[1] All of the records referenced in this paragraph are exhibits to the Defendants' Motion to Strike [25]. Defendants submitted the exhibits to the Court via e-mail, while copying opposing counsel, as opposed to filing the exhibits with the motion. Defendants took this approach "out of an abundance of caution" in light of the medical information contained in the exhibits. (Defs.' Mot. to Strike [25] at pp. 5-6 n.1.) The parties are directed to comply with Fed. R. Civ. P. 5.2 and L.U.Civ.R. 79 with respect to any *future* motion or opposition filings they believe may be unsuitable for public disclosure. The subject documents are being considered without redaction and without filing under seal since the Plaintiff has copies of the documents and has not voiced any objection to their consideration in this manner. Further, requiring compliance with the aforementioned rules at this time could unnecessarily delay the adjudication of the subject motion.

> disability regarding significant and substantial life activities, and the obvious
> needs she had regarding her need to be accommodated regarding her
> disabilities while employed at USM.

(Pl.'s Suppl. of Disc. [25-1] at pp. 2-3.)  No other discovery response was augmented by the Plaintiff.

On September 4, 2013, Defendants filed their Motion to Strike [25].  Defendants contend that Plaintiff's disclosure of Dr. Barbieri's opinions is untimely and improper, and that Dr. Barbieri should be prohibited from offering any expert opinions regarding Plaintiff's alleged disability at the trial of this cause.  Defendants principally rely on the expert witness disclosure requirements of the Federal Rules of Civil Procedure and the Local Uniform Civil Rules of the United States District Courts for the Northern District and the Southern District of Mississippi (the "Local Rules") in support of their motion.

Plaintiff opposes the Motion to Strike [25].  (*See* Pl.'s Resp. to Mot. to Strike [31].)  As a preliminary matter, the Plaintiff characterizes the parties' disagreement as a belated discovery dispute.  Thus, Plaintiff argues that the Motion to Strike [25] is untimely under Local Rule 7(b)(2)(B), and suffers due to the absence of a Local Rule 37 Good Faith Certificate.  Local Rule 7(b)(2)(B) provides:  "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."  Local Rule 37 requires counsel to confer in good faith to attempt resolution of a discovery dispute prior to the filing of a discovery motion.  The Rule also requires a party filing a discovery motion to include a Good Faith Certificate, advising that counsel have attempted to resolve the dispute informally and whether the motion is unopposed by any party.

-4-

Plaintiff's procedural arguments are not well taken.  Plaintiff's Supplementation [25-1], which is the subject of Defendants' Motion to Strike [25], was served on the discovery deadline of August 15, 2013.  Therefore, even accepting Plaintiff's argument that the subject motion is a "discovery motion," it could not have been filed sufficiently in advance of the discovery deadline to comply with Local Rule 7(b)(2)(B).  The Court will not penalize the Defendants for failing to meet a procedural impossibility.  Moreover, the Court finds that the Defendants were adequately diligent in bringing the dispute regarding the August 15 Supplementation [25-1] to the Court's attention via their September 4 Motion to Strike [25].  Accordingly, Local Rule 7(b)(2)(B) is no impediment to the Court's consideration of the merits of the Motion to Strike.

This Court and its sister Court for the Northern District of Mississippi typically reference Local Rule 37's Good Faith Certificate requirement in the context of motions to compel or to restrict discovery.[2]  Plaintiff fails to cite, and this Court is unaware of any authority denying a motion to exclude untimely expert opinions on the basis that the moving party failed to comply with Local Rule 37.  Perhaps, the scarcity of such precedent is due to the mandatory nature of the expert witness disclosure requirements of the Federal Rules and Local Rules,[3] and the Court's ability to exclude inadequately disclosed expert opinions *sua sponte* or on a motion.  *See* Fed. R. Civ. P. 37(c)(1);

---

[2] *See, e.g.*, *Ashley Transp., Inc. v. Caterpillar, Inc.*, No. 3:11cv469, 2012 WL 5381359, at *1 (S.D. Miss. Oct. 31, 2012); *King v. W.W. Grainger, Inc.*, No. 2:11cv16, 2011 WL 3585987, at *2 (N.D. Miss. Aug. 15, 2011); *Thompson v. City of Meridian, Miss.*, No. 4:10cv102, 2011 WL 738443, at *2 (S.D. Miss. Feb. 24, 2011); *Baptist Health v. Bancorpsouth Ins. Servs., Inc.* No. 3:09cv60, 2010 WL 2175847, at *1 (N.D. Miss. May 28, 2010).

[3] *See* Fed. R. Civ. P. 26(a)(2); L.U.Civ.R. 26(a)(2).

L.U.Civ.R. 26(a)(2)(B).  Perhaps also, it is unrealistic to expect a party to agree to the exclusion of its expert witness from trial in response to an informal request from an opposing party.  In either event, the Local Rules are not jurisdictional and the Court determines that the absence of a Local Rule 37 Good Faith Certificate in support of the Motion to Strike [25] fails to preclude the consideration of Defendants' requested relief at this time.  *See Agee v. Wayne Farms, L.L.C.*, No. 2:07cv1010, 2008 WL 4849669, at *1 (S.D. Miss. Nov. 6, 2008) ("[E]ven if a Good Faith Certificate should have been filed along with the instant motions, this court has the authority and jurisdiction to consider the motion without it, as the Local Rules are not jurisdictional in nature, and the Court is free to rule on motions not served in precise compliance with them.") (citation and internal quotation marks omitted).

More substantively in opposition to the Motion to Strike [25], Plaintiff takes the position that Dr. Barbieri is essentially a fact witness and not an expert witness requiring formal designation.  "Obviously, a treating physician has expert credentials and background, but Dr. Barbieri is a fact witness who, with the Court's permission, will testify with regard to his medical records, explain them, and explain what he meant when he prepared them.  He will also testify as to his personal observations of Plaintiff and his personal interactions with her."  (*See* Pl.'s Resp. to Mot. to Strike [31] at p. 2.) Plaintiff appears to hedge on this position by also arguing that the expert witness disclosure requirements of Local Rule 26(a)(2)(D) have been met.  (*See* Pl.'s Resp. to Mot. to Strike [31] at ¶¶ 3, 8.)

The Fifth Circuit has held that Fed. R. Civ. P. 26(a)(2)(A)'s expert designation requirement applies to all testifying experts, including treating physicians.  *See*

*Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004).[4]
Under this Rule, "a party must disclose to the other parties the identity of any witness it
may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."
Fed. R. Civ. P. 26(a)(2)(A).  As to a retained expert witness, a party's disclosure must
include a written report prepared by the witness containing, *inter alia*, "a complete
statement of all opinions the witness will express and the basis and reasons for them;
[and] the facts or data considered by the witness in forming them . . . ."  Fed. R. Civ. P.
26(a)(2)(B).  Generally, non-retained expert witnesses, such as treating physicians, are
not required to submit written reports.  As to these witnesses, a party's designation must
state the subject matter on which the witness is expected to present testimony, and
include "a summary of the facts and opinions to which the witness is expected to
testify."  Fed. R. Civ. P. 26(a)(2)(C).[5]      The Court's review of the Plaintiff's
Supplementation [25-1] leads to the inescapable conclusion that the expert disclosure
requirements of Fed. R. Civ. P. 26(a)(2)(C) and Local Rule 26(a)(2)(D) apply to Dr.

---

[4] *Accord Cuevas v. T & J's Last Minute Seafood Express, Inc.*, No. 1:10cv104, 2011
WL 1898919, at \*4 (S.D. Miss. May 13, 2011); *Johnson v. Watkins*, No. 3:07cv621,
2010 WL 2671993, at \*4 (S.D. Miss. June 30, 2010); *Robbins v. Ryan's Family Steak
Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

[5] Rule 26 was amended in 2010, and the advisory committee notes to the
amendments provide that certain witnesses, such as "physicians or other health care
professionals", may both testify as fact witnesses and provide testimony under Fed. R.
Evid. 702.  Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note.  "Parties must identify
such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule
26(a)(2)(C)."  *Id.*; *see also* L.U.Civ.R. 26(a)(2)(D) (requiring parties to "designate
physicians and other witnesses who are not retained or specially employed to provide
expert testimony but are expected to be called to offer expert opinions at trial" in
accordance with Fed. R. Civ. 26(a)(2)(C)).

Barbieri.  The Plaintiff identifies Dr. Barbieri as her primary treating physician, and states that he will "provide *expert testimony* regarding the fact of and extent of disability of Plaintiff while employed at USM . . . ."  (Doc. No. [25-1] at p. 3) (emphasis added). As a result, Plaintiff's suggestion that Dr. Barbieri "is not an expert witness requiring designation" is without merit.  (Pl.'s Resp. to Mot. to Strike [31] at p. 2.)

The Court also finds that Dr. Barbieri has not been properly designated as an expert witness in this cause.  Expert disclosures are to be made in the sequence ordered by the court and are to be supplemented in accordance with Rule 26(e).  *See* Fed. R. Civ. P. 26(a)(2)(D)-(E).  Under the Local Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial."  L.U.Civ.R. 26(a)(2).  A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court *sua sponte*.  L.U.Civ.R. 26(a)(2)(B); *see also* Fed. R. Civ. P. 37(c)(1).

Plaintiff's interrogatory responses identifying Dr. Barbieri were served prior to her expert witness designation deadline.  However, the responses fail to state the subject matter on which Dr. Barbieri is expected to present evidence, and provide a summary of the facts and opinions to which he is expected to testify in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Local Rule 26(a)(2)(D).  *Cf. Barnes v. BTN, Inc.*, No. 1:12cv34, 2013 WL 1194753, at *2 (S.D. Miss. Mar. 22, 2013) (finding that the plaintiff failed to comply with the Rules governing expert disclosures by merely listing the names and addresses of certain physicians in her initial disclosures).  Plaintiff's Supplementation [25-1]

generally lists some subjects upon which Dr. Barbieri is expected to provide expert testimony, but it was served approximately three (3) months after the expiration of Plaintiff's expert designation deadline.  Moreover, the generic description of Dr. Barbieri's testimony in the Supplementation does not, in this Court's opinion, constitute a proper summary of the facts and opinions to which he is expected to testify.

The Court next considers whether Dr. Barbieri should be precluded from offering expert testimony at trial in light of Plaintiff's inadequate designation.  District courts possess broad, considerable discretion in discovery matters.  *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996) (citations omitted). That discretion, however, is to be guided by the following four factors in determining whether to exclude untimely expert witness testimony:  "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Hamburger*, 361 F.3d at 883.

The Court finds no justifiable explanation from the Plaintiff for her inadequate designation of Dr. Barbieri.  Plaintiff's contentions that this is a belated discovery dispute, that she was not required to designate Dr. Barbieri as an expert witness, and that Dr. Barbieri was properly designated under Local Rule 26(a)(2)(D) are insufficient for the above-discussed reasons.  The Defendants' ability to access Dr. Barbieri's clinic records pursuant to the aforementioned Order Waiving Medical Privilege [12] also fails to constitute a sufficient explanation in accordance with the first *Hamburger* factor. Generally, it is improper under the Federal Rules for a party to withhold discoverable information merely because the requesting party has independent access to the same.

*See* 8 Charles Alan Wright et al., *Federal Practice & Procedure* § 2014 (3d ed.) ("[T]he purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts.").

As to the second factor, it would seem that Dr. Barbieri's expected testimony is important to certain of Plaintiff's claims.  A *prima facie* case under the ADA and the Rehabilitation Act of 1973 requires a showing of disability.  *See Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 680 (5th Cir. 2013) (ADA); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (Rehabilitation Act).[6]  However, the importance of Dr. Barbieri's "testimony underscores how critical it was for" the testimony to have been timely disclosed.  *Hamburger*, 361 F.3d at 883.  The lack of specificity in the Supplementation [25-1] as to Dr. Barbieri's expected opinions precludes any definitive determination as to their importance in relation to Plaintiff's disability claims.  Therefore, this factor only slightly militates against exclusion.

The third "prejudice" factor favors the Defendants' request for exclusion.  At this late stage of the proceedings (subsequent to the expiration of the deadlines for discovery and dispositive motions), it is still unclear as to what opinions Dr. Barbieri is expected to offer at trial.  The inadequacy of the Supplementation [25-1] and the absence of any discernable opinions from Dr. Barbieri in the SBJS records produced by

---

[6] This does not necessarily mean that Plaintiff's claims of disability discrimination will be found lacking in the absence of expert medical testimony.  *See York v. Forest View Psychiatric Hosp.*, No. 1:10cv28, 2011 WL 975453, at *1-2 (W.D. Mich. Mar. 17, 2011) (holding that the plaintiff's failure to identify expert witnesses was not necessarily fatal to his ADA and Rehabilitation Act claims, and citing similar holdings from other courts).

the Plaintiff are noted above.  Further, the SBJS records submitted with Defendants'
initial disclosures are somewhat incongruent in that the August 16, 2010 certificate
advises that the Plaintiff is able to return to work without restrictions, while the February
1, 2011 letter references severe injuries, surgical reconstruction and postoperative
treatments.  Allowing Dr. Barbieri to provide expert witness testimony at trial based on
this record would almost certainly result in unfair surprise and undermine a central
benefit of the discovery rules, allowing "parties to obtain the fullest possible knowledge
of the issues and facts *before trial.*"  *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct.
385, 91 L. Ed. 2d 451 (1947) (emphasis added).  Conversely, reopening discovery so
that Dr. Barbieri may be properly designated as an expert would "disrupt[] the court's
discovery schedule and the opponent's preparation."  *Geiserman v. MacDonald*, 893
F.2d 787, 791 (5th Cir. 1990) (rejecting the plaintiff's contention that "a couple weeks"
delay in designating an expert witness would not have prejudiced the defendant).

 A continuance would likely cure the aforementioned prejudice.  On the other
hand, a continuance would also result "in additional delay and increase[ ] the expense of
defending the lawsuit."  *Hamburger*, 361 F.3d at 883.  Further, "a continuance would not
deter future dilatory behavior, nor serve to enforce local rules or court imposed
scheduling orders."  *Geiserman*, 893 F.2d at 792.

 The balance of the above-listed factors tips in favor of the exclusion of Dr.
Barbieri as an expert witness from the trial of this cause.  *Cf. Hamburger*, 361 F.3d at
883-84 (affirming the trial court's exclusion of expert witness testimony where the
"explanation" and "prejudice" factors militated against allowing the testimony);

*Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997) (same).  Accordingly, Dr. Barbieri will not be permitted to present expert testimony at trial under Federal Rule of Evidence 702.

Notwithstanding the foregoing, Dr. Barbieri will be allowed to testify as a fact witness.  The University was aware that Dr. Barbieri was one of Plaintiff's treating physicians prior to the filing of this lawsuit due to its receipt of the aforementioned certificate to return to work and February, 2011 letter.  Further, all of the Defendants were put on notice well before the close of discovery that Dr. Barbieri could be called to testify as a fact witness pursuant to Plaintiff's February 26, 2013 interrogatory responses.  Thus, no unfair surprise or undue prejudice would result from Dr. Barbieri providing fact witness testimony at trial.

Of course, this ruling raises the issue of the permissible scope of Dr. Barbieri's trial testimony.  Several authorities are instructive.[7]  The Court finds that the circumstances of this case warrant Dr. Barbieri being allowed to provide testimony regarding his treatment of the Plaintiff as reflected in any medical record documenting

---

[7] *See BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11cv136, 2012 WL 3267543, at *1 (S.D. Miss. Aug. 9, 2012) (holding that the plaintiff's treating physicians could not provide expert testimony as to causation, but could testify as fact witnesses concerning their treatment of the plaintiff and the related medical records); *Estate of Sims v. City of Aberdeen, Miss.*, No. 1:09cv32, 2011 WL 132362, at *5 (N.D. Miss. Jan. 14, 2011) (prohibiting the plaintiff's treating physician from offering expert testimony due to inadequate disclosure, but allowing the physician to testify as a fact witness with respect to his treatment of the plaintiff); *Previto v. Ryobi N. Am., Inc.*, No. 1:08cv177, 2010 WL 5185055, at *2 (S.D. Miss. Dec. 16, 2010) (limiting the testimony of plaintiff's treating physicians to the "facts and opinions contained within their records"); *Robbins*, 223 F.R.D. at 453 ("In rare instances a treating physician may be called to testify as to basic facts known to him as the treating physician without expressing any opinion at all.").

the treatment.  To limit the possibility of prejudice and unnecessary delay associated with this ruling, the Plaintiff is directed to produce copies of any such medical records to the Defendants within twenty-one (21) days of the entry of this Order.  Discovery is not reopened in any other respect and all other case management deadlines remain in place.  Moreover, the February 3, 2014 trial setting stands firm.  Finally, Defendants may seek a ruling regarding the admissibility of any specific testimony of Dr. Barbieri by filing a motion in limine within the deadline for such motions under the Case Management Order [6].

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion to Strike [25] is granted in part and denied in part.  Dr. Rocco A. Barbieri will be precluded from offering expert witness testimony on behalf of the Plaintiff at the trial of this cause. However, Dr. Barbieri may offer fact witness testimony, as outlined above.  In addition, the Plaintiff shall produce to the Defendants copies of any medical records documenting Dr. Barbieri's medical treatment of the Plaintiff within twenty-one (21) days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of October, 2013.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE